IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **OP THERAPY, LLC,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:10-CV-00635 |
| | : | |
| v. | : | |
| | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| | : | Magistrate Judge Deavers |
| **BRYANT HEALTH CENTER INC., et al.,** | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is currently before the Court on Defendants Bryant Health Center, Inc. ("Bryant"), Samaritan Care Center, Inc. ("Samaritan"), The Sanctuary at Wilmington Place ("Sanctuary"), and Omnilife Health Care Systems, Inc.'s ("Omnilife") (collectively, the "Defendants") Motion to Dismiss (Doc. 12). Plaintiff OP Therapy, LLC ("OP Therapy") filed a Complaint accusing the Defendants of breach of contract. The Defendants move to dismiss OP Therapy's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction over the action. For the reasons set forth below, Defendants' Motion to Dismiss is **DENIED**.

### II. BACKGROUND

OP Therapy provides professional therapy services to residents of long-term care and skilled nursing facilities as an under-arrangements provider. OP Therapy entered into three therapy service agreements (the "Agreements") with the Defendants, whereby OP Therapy agreed to provide therapy services to residents of skilled nursing facilities owned, operated, or

controlled by the Defendants through their parent company, Omnilife. OP Therapy alleges that they have performed all their obligations as required under the Agreements, yet the Defendants have failed to pay for the services they received. OP Therapy claims this failure to pay constitutes a breach of contract. OP Therapy further alleges that the Defendants collected reimbursement from Medicare for these unpaid obligations, and, thus, have been unjustly enriched at OP Therapy's expense.

OP Therapy is a Michigan limited liability company with its principal place of business in Pennsylvania. None of its members is a citizen of Ohio. At the time of the signing the Agreements, OP Therapy was operating under a different corporate form as OP Therapy, Inc., an entity registered to do business in Ohio. Additionally, during the time period of the Agreements from August 2005 until January 2008, OP Therapy Inc. conducted business in Ohio through two other organizations: (1) The Nursing Home Group Rehabilitation Services; and (2) In-House Rehabilitation Solutions. A December 2008 merger resulted in the successor entity of OP Therapy I, LLC. The "I" was dropped in 2010 renewal forms filed in Michigan, resulting in the surviving entity "OP Therapy, LLC," the party to this current suit. OP Therapy, Inc.'s corporate form change was not filed in Ohio because the organization no longer conducted therapy business in this state as of January 2009.

The first defendant, Bryant, is an Ohio corporation with its principal place of business in Ironton, Ohio. The second defendant, Samaritan, is an Ohio corporation with its principal place of business in Columbus, Ohio. The third defendant, Sanctuary, is an Ohio corporation with its principal place of business in Columbus, Ohio. The fourth defendant, Omnilife, is an Ohio corporation with its principal place of business in Columbus, Ohio.

The Plaintiff filed a Complaint on July 15, 2010 alleging breach of contract and unjust

Case: 2:10-cv-00635-ALM-EPD Doc #: 26 Filed: 12/07/10 Page: 3 of 5  PAGEID #: 140

enrichment for failure to pay accounts stated, which, they argue, justifies a piercing of the corporate veil (Doc. 1). On August 16, 2010, the Defendants filed a Motion to Dismiss claiming that the Court lacked subject matter jurisdiction over this action (Doc. 12). The Plaintiff filed a Response to the Motion to Dismiss on September 7, 2010 (Doc. 19). The Defendants filed a Reply on September 21, 2010 (Doc. 20). This matter is currently before the Court.

### III. STANDARD OF REVIEW

Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a court's "lack of jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). The plaintiff has the burden of proving jurisdiction when the defendant challenges subject matter jurisdiction under Rule 12(b)(1). *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). A court will grant a Rule 12(b)(1) motion to dismiss if, taking all the plaintiff's allegations as true, the court is without subject matter jurisdiction to hear the claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984).

### IV. LAW AND ANALYSIS

In its Complaint, the Plaintiff asserts this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C § 1332, which authorizes a federal court to exercise its jurisdiction when the parties to a suit are citizens of different states and the amount in controversy exceeds $75,000. *Farmer v. Fisher*, 2010 WL 2925935, *3 (6th Cir. 2010). The Plaintiff claims the parties are diverse because OP Therapy is a Michigan citizen and the Defendants are all citizens of Ohio. The Defendants argue in their Motion to Dismiss that both parties are citizens of the state of Ohio and thus are not diverse. Because neither party disputes that the amount in controversy

exceeds $75,000, the only issue currently before the Court is whether complete diversity exists between the parties.

It is uncontroverted that Defendants are all citizens of Ohio. The current dispute, therefore, turns on the Plaintiff's citizenship. OP Therapy asserts it is a Michigan limited liability corporation ("LLC") with no members in the state of Ohio and that, therefore, the parties are completely diverse (Doc. 1, p. 2). The Defendants claim that according to a 2005 filing with the Ohio Secretary of State, OP Therapy is registered in and a citizen of Ohio, precluding a finding of complete diversity (Doc. 12, p.3). Diversity for the purpose of subject matter jurisdiction is determined as of the time of the filing of the lawsuit. *Farmer v. Fisher*, 2010 Fed. App. 0460N (6th Cir. 2010) (quoting *Curry v. U.S. Bulk Transp., Inc*, 462 F.3d 536, 540 (6th Cir. 2010). Thus, even if OP Therapy registered as an Ohio company in 2005 as the Defendants claim, the Plaintiff alleges in its Complaint to not *currently* be a citizen of Ohio because it registered in Michigan after the 2008 merger and has its principal place of business in Pennsylvania. Thus, given that facts alleged in the Complaint must be taken as true, this Court finds that OP Therapy was a Michigan resident with its principal place of business in Pennsylvania when filing this suit.

Beyond where it has a residence and its principle place of business, an LLC is also considered a citizen of each state where a partner or member conducts business on its behalf. Thus, to prove its own citizenship, an LLC must address the citizenship of each of its members. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). In this case, OP Therapy asserts that none of its members are citizens of Ohio (Doc. 1, p. 2). In challenging this assertion, the Defendants point only to the Agreements from 2005 referencing OP Therapy's members that were incorporated in Ohio; they present no evidence that OP Therapy *currently* has members doing business in Ohio. Pursuant to *Farmer*, OP Therapy's present-day citizenship

is what is relevant for a subject matter jurisdiction determination. Therefore, the Court takes the Plaintiff's assertions regarding its members' citizenship as true and finds that OP Therapy has no members doing business in Ohio as of the time this suit was filed.

Thus, because OP Therapy was not registered in Ohio, does not have its principal place of business in Ohio, and currently has no members in Ohio, this Court finds that OP Therapy is not a citizen of Ohio and is completely diverse from the Defendants. The Court, therefore, has subject matter jurisdiction over this action pursuant to §1332 and the Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

     s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATE: December 7, 2010**