IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OP THERAPY, LLC, SUCCESSOR THROUGH MERGER WITH OP THERAPY, INC., D/B/A THE NURSING HOME GROUP REHABILITATION SERVICES, | ) ) ) ) ) ) CASE NO. 2:10-CV-635 |
| Plaintiff, | ) ) |
| v. | ) JUDGE ALGENON MARBLEY ) |
| BRYANT HEALTH CENTER, INC., | ) MAGISTRATE PRESTON-DEAVERS ) |
| Defendant, | ) ) |
| and | ) ) |
| SAMARITAN CARE CENTER, INC., | ) **STIPULATED QUALIFIED** ) **PROTECTIVE ORDER** |
| Defendant, | ) ) |
| and | ) ) |
| THE SANCTUARY AT WILMINGTON PLACE, | ) ) ) |
| Defendant, | ) ) |
| and | ) ) |
| OMNILIFE HEALTH CARE SYSTEMS, INC., | ) |
| Defendant. | |

Pursuant to Rule 26(c) of the *Federal Rules of Civil Procedure*, and in order to facilitate discovery and the exchange of documents, things, information, and testimony that the parties may consider to be confidential business information, protected health information, trade secrets,

proprietary information, and/or other private information not generally available to the public, as requested by the parties and as stipulated herein, the Court hereby enters this Protective Order for the duration of this action. It is therefore, ORDERED as follows:

1. **Scope.** All documents and things, including electronically stored information, considered by a party to be (a) confidential financial and accounting information; (b) confidential commercial information, including business method, business development and trade secret information; and (c) confidential client/customer/patient information protected from disclosure pursuant to state and/or federal law may be designated by any party that is requested to disclose such information, in whole or in part, as "CONFIDENTIAL" material (hereinafter collectively "materials") and shall be subject to this Order concerning confidential information as set forth below. The parties shall not designate any information or materials as "CONFIDENTIAL" unless they have a good faith belief that said information or materials is entitled to that protection under existing law. As there is a presumption in favor of open and public judicial proceedings in the courts, this Order shall be strictly construed in favor of public disclosure and order proceedings wherever possible. The Order is also subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate materials as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" on the document or materials in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" designation. Documents shall be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" prior to or at the time of the production or disclosure of the documents. The designation

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" does not mean that the document, information or materials has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY.** Any party may designate documents or Materials as CONFIDENTIAL if the party has a good faith belief that the documents or Materials are entitled to that protection under existing law, such designation is not made for purposes of delay or disruption of the discovery process, and such designation is made pursuant to paragraph 2 above, including, but not limited to medical or psychiatric information and business trade secrets. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY.

Any party may designate documents or Materials as "CONFIDENTIAL – ATTORNEY EYES ONLY" only for proprietary business information that a party believes in good faith could provide one party with a competitive advantage.

4. **Protected Health Information.** The parties, who are "Covered Entities," as defined by Section 160.103 of 45 CFR Parts 160, 162, and 164 ("HIPAA Privacy Rule"), in conducting discovery or otherwise acting within the context of this litigation, have sought, are seeking, or may seek the production of documents, as well as the disclosure and use of data, including patient names and individually identifiable information, that fall within the definition of Protected Health Information ("PHI"), which is covered by HIPAA's Privacy Rule.

Section 164.512(e)(1) of HIPAA's Privacy Rule permits Covered Entities to disclose PHI in the course of any judicial or administrative proceeding, including (without limitation) responding to subpoenas, discovery requests or other lawful processes, if a Qualified Protective Order is executed.

Section 164.512(c)(1)(v) defines a Qualified Protective Order with respect to PHI requested to mean a "stipulation by the parties to the litigation" that:

(A)   Prohibits the parties from using or disclosing the Protected Health Information for any purpose other than the pending litigation or proceeding for which such information was requested; and

(B)   Requires the return to the covered entity or destruction of the Protected Health Information (including all copies) at the end of the pending litigation or proceeding.

The parties hereby enter into this Qualified Protective Order, as defined above, regarding the disclosure and use of PHI during the pending litigation.

Additionally, the parties agree that in written discovery, depositions, motions (and exhibits thereto), hearings, trial and other proceedings conducted in the pending litigation, reasonable measures will be taken to assure the confidentiality of patients' identities, so that the names of patients will not become a matter of public record.

The parties agree that any business associate, expert, consultant, or agent acting on their behalf also will be bound by the terms of this Qualified Protective Order.

5.   **Depositions.**  If depositions are conducted in this action which involve Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by a party, their content may be marked and treated in the same manner as documents and things. The portions of any deposition testimony involving such information may be CONFIDENTIAL, but only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL as either identified at the deposition or as designated by counsel within ten (10) days after receipt of a deposition transcript. Thereafter, if any of the deposition testimony is filed with the Court, those portions of the deposition transcript so designated as Confidential or Confidential-Attorneys' Eyes Only shall be marked with reference to

this Order and shall not be opened or viewed by anyone other than court personnel and shall be protected as CONFIDENTIAL pending objection, under the terms of this Order and except upon order of this Court.

6. **Protection of Confidential Material.**

(a) **General Protections.** Documents designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 6(b) for any purpose whatsoever other than in regard to the conduct and preparation of this action, including, but not limited to, the preparation for and the conducting of discovery, the trial in this action, a resolution of this action, as well as any appeal thereof.

(b) **Limited Third-Party Disclosures of CONFIDENTIAL Documents.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL or CONFIDENTIAL- ATTORNEYS' EYES ONLY documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL or CONFIDENTIAL- ATTORNEYS' EYES ONLY:

(1) **Counsel.** Counsel for parties and employees and agents/independent contractors of counsel who have responsibility for the conduct of this action, including in-house counsel for the parties who are performing such functions and reviewing such material in their capacities as legal counsel;

(2) **Parties.** Parties and employees of a party to this Order;

(3) **Court Reporters and Recorders.** Court reporters and recorders

engaged in this action for sworn testimony and/or depositions and acting in that capacity;

(4) **Consultants, Investigators and Experts.** Consultants, investigators, or experts, including assistants and office personnel thereof (hereinafter referred to collectively as "experts"), employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, a copy of such signed document to be served on opposing counsel by the party retaining such person prior to the disclosure of the confidential material;

(5) The Court, any jury in this action, and any Appeals Court having jurisdiction to review this Court's decision in this action and the personnel thereof, including court reporters (hereinafter, all references to the "Court" shall include Appeals Courts);

(6) Any person who appears as the author, source of or as the recipient of the Material on the face of such document or Material;

(7) **Others by Consent.** Other persons by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY pursuant to the terms

of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(d)** **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" if the word(s) do(es) not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

7. **Filing of CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY Documents Under Seal.** The Court highly discourages the filing of any pleadings or documents under seal. To the extent that portions of any pleadings, briefs, memoranda, declarations, deposition transcript or other documents that reproduce, discuss or paraphrase such CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL or information, are filed or lodged with the Court, then the party so filing the Materials shall file or lodge those portions of any pleadings, briefs, memoranda, declarations, deposition transcript or other documents that reproduce, discuss or paraphrase such Material or information, with the Court under seal.

(a) Before any document marked as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

(b) Where agreement is not possible or adequate, before portions of any pleadings, briefs, memoranda, declarations, deposition transcript or other documents that reproduce, discuss or paraphrase CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL or information are filed or lodged with the Clerk, they shall be placed in a sealed enveloped marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER DOCUMENTS", displaying the case name, docket number, a designation of the contents of the envelope is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any portions of any pleadings, briefs, memoranda, declarations, deposition transcript or other documents that reproduce, discuss or paraphrase CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL or information that are filed or lodged with the Court shall also be delivered to the judge's chambers and served on opposing counsel. Counsel for the parties shall be obligated to retain a copy of all sealed documents and materials in the event of an appeal.

(c) Redacted Filings. Redacted versions of sealed documents and materials may be filed with the Court in accordance with normal filing procedures and made publicly available provided that: (1) all Materials and information designated as CONFIDENTIAL

or CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL and all passages in which such designated Materials are quoted, incorporated or cited are redacted or obscured and removed as or from exhibits; and (2) redacted versions are clearly marked "Public Version – Confidential Material Omitted." Redacted versions must also clearly identify each place where information or exhibits have been deleted or obscured. A notation to the effect of "redacted" will be sufficient.

8. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY designation is subject to challenge by any party or non-party with standing to object. Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

Failure to challenge the propriety of any designation shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action as to the propriety of such designation.

9. **"Clawback" for Inadvertent Disclosure or Failures to make Designations.** If, through inadvertence, error, or oversight, a party discloses and fails to designate Material or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" at the time of production or disclosure, that party shall within ten (10) days after the producing party actually discovers that such inadvertent production occurred, amend its discovery response and notify the other party that such Material or information should have been designated as

9

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY". The producing party shall specify in that notice the particular Material or information to be reclassified and shall specify the particular designation to be applied. Thereafter, the receiving party shall treat such Material or information in the same manner as if it had been properly designated or classified originally. The receiving party shall have the right to object to such reclassification in writing, if the parties cannot agree upon the re-designation, then the party making the request to reclassify such documents may present a motion to the Court for determination as to whether or not such Material should be and can be properly reclassified.

10. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial, subject to the Federal Rules of Evidence and such further Order as this Court may deem necessary. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal of this action or entry of final judgment not subject to further appeal, and persons subject to tjhis Order shall be bound by the confidentiality obligations of this Order until the designating party agrees otherwise in writing or the Court

orders otherwise

(b) **Return of CONFIDENTIAL Documents.** Within thirty (30) days after a dismissal entry or final judgment not subject to further appeal, all documents treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY under this Order, including all documents containing PHI, and including copies as defined in ¶ 6(d), shall be returned to the producing party unless (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY.

This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY documents.

(c) **Return of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties, or after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

13. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the

subject matter. This Order is entered without prejudice to the right of any party to apply, under the Federal Rules of Civil Procedure, to the Court at any time for additional protection, or to release, rescind or modify the restrictions of this Court, to determine whether a particular person shall be entitled to receive any particular information, or to seek relief from inadvertent disclosure of privileged or attorney work product information. This Order does not preclude the parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order subject to the Court's review.

14. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document issue.

15. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated: May 19, 2011

JUDGE ALGENON MARBLEY

WE SO MOVE/STIPULATE
and agree to abide by the
terms of this Order

WE SO MOVE/STIPULATE
and agree to abide by the
terms of this Order

/s/ Natalee Gilmore Ferreri per email authority
Signature

Counsel for Plaintiff, OP Therapy, LLC Inc.,

Dated: May 13, 2011

/s/ Geoffrey E. Webster
Signature

Counsel for Defendants Bryant Health Center, Samaritan Care Center, Inc., The Sanctuary at Wilmington Place, Inc., and Omnilife Health Care Systems, Inc.

Dated: May 13, 2011

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OP THERAPY, LLC, SUCCESSOR THROUGH MERGER WITH OP THERAPY, INC., D/B/A THE NURSING HOME GROUP REHABILITATION SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>BRYANT HEALTH CENTER, INC.,<br><br>Defendant,<br><br>and<br><br>SAMARITAN CARE CENTER, INC.,<br><br>Defendant,<br><br>and<br><br>THE SANCTUARY AT WILMINGTON PLACE,<br><br>Defendant,<br><br>and<br><br>OMNILIFE HEALTH CARE SYSTEMS, INC.,<br><br>Defendant. | CASE NO. 2:10-CV-635<br><br>JUDGE ALGENON MARBLEY<br><br>**STIPULATED QUALIFIED PROTECTIVE ORDER** |

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated

14

_____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court, Southern District of Ohio, Eastern Division, in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY in accordance with the Order solely for the purpose of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____    _____
                 Signature